### 10189

### BEAM v. CONTINENTAL CASUALTY COMPANY.

#### (98 S. E. 849.)

INSURANCE—ACCIDENT INSURANCE—INJURY NOT INCIDENTAL TO OCCUPATION—RECOVERY.—Under accident policy providing that it does not, except as incident to the occupation of railway employees, cover entering or trying to enter a moving conveyance using mechanical power, there could be no recovery for injuries sustained by injured in attempting to board a moving train, not as incident to the occupation of freight conductor, but while he was traveling on a conductor's pass.

Before Mauldin, J., Greenville, Summer term, 1918. Reversed.

Action by Samuel M. Beam against the Continental Casualty Company. From the judgment rendered, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, submit: *The policy is void by reason of the misrepresentation as to the facts which materially affected the acceptance of risk and hazard assumed by the company:* 241 U. S., p. 622; 88 S. C. 45 (dissenting opinion by Mr. Justice Woods); 50 S. C. 259; 27 S. E. 962; 77 S. C. 99; 57 S. E. 618; 11 L. R. A. (N. S.) 938a; 17 Mo. 247; 117 U. S. 530; 41 Conn, 168; 14 R. C. L. 1169; (Mich.) 14 L. R. A. (N. S.) 279; (Mich.) 76 N. W. 5; 92 Fed. 506; (N. C.) 76 S. E. 870; 31 Cyc., p. 1595, and cases cited; 50 S. C. 259; 33 S. C. 473; (Pa.) 37 St. 550; 1 Am. & Eng. Enc. Law (2d Ed.) 1145, and cases there cited; 150 Mass. 200, 206; 22 N. E. 917; 77 S. C. 99; 91 S. C. 316; 74 S. C. 316; 74 S. C. 368; 78 Fed. 570; 237 U. S. 605; 77 S. C. 187; 52 S. C. 228. *The loss is not covered by the policy:* (Ohio) 64 N. E. 123; (Neb.) 63 N. W. 392; (Ark.) 71 S. W. 246; (Minn.) 40 N. W. 839; (C. C. A.) 157, Fed. 224; (Ia.) 117 N. W. 1111. *The injury having been sustained as a result of the insured's voluntary exposure to unnecessary danger or obvious risk of injury, in no event does the indemnity extend beyond one-fifth of the face of the policy:* (Ia. 1908) 118 N. W. 761; (Ark. Sup. Ct. '07); 99 S. W. 1100; (Va. 1909); 63 S. E. 962; 31 N. Y. Sup. 343; 15 Blutch. 216; 19 Wall. 531; 45 S. E. 706; 134 Mass. 175 (Mo. 1902); 68 S. W. 236; (Ark.) 30 S. W. 427; 112 Fed. 495; (Mo.) 83 S. W. 276; (Wis.) 87 N. W. 795; (Mass. 1912) 98 N. E. 559; (Sup. Ct. W. Va. '14) 80 S. E. 79; S. L. J., vol. XXXIII (N. W.) 512; 50 L. R. A. (N. S.) 1218 Anno.

*Messrs. Bonham & Price,* for respondent.

April 9, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to recover on an accident insurance policy. The plaintiff took out an accident insurance policy in the Ætna Life Insurance Company, and the policy was assumed by the defendant, Continental Casualty Company.

The risk was classed as hazardous. The occupation was stated as freight conductor and that his average weekly earnings were not less than $30. The application also stated, "I am not deformed, have no bodily infirmity, and have not sustained any severe bodily injury." The admitted facts are that the plaintiff was not at that time in the employed of the railroad as conductor; that he had received an injury about a year before, from which he had been incapacitated to perform the duties as conductor, and had not been restored to work, either at the date of the policy or at the time of the accident. The plaintiff expected to be reinstated, but had not been. He still retained certain privileges as an employee, but was not in service. At the time of the accident, the plaintiff was traveling on a freight train on a conductor's pass. While attempting to board a moving train, the plaintiff fell and was injured.

The pleadings are long. There are 22 exceptions, raising interesting questions, but, in the view this Court takes of exception 8, the other questions become academic, and need not be discussed.

Exception 8 reads as follows:

"The presiding Judge erred in overruling the defendant's eighth ground of motion for directed verdict, which was as follows: 'That the policy of insurance contains the following provisions: "This insurance does not cover (except as incident to the occupations of railway employees, railway express messengers, and railway mail clerks insured as such) entering or trying to enter or leave a moving conveyance using mechanical power." That at the time of his

13—112

accident the plaintiff was not employed by and actually working for the Southern Railway Company, and was injured while trying to enter the caboose of a moving freight train for his own convenience, and while not engaged in work incident to the employment of a freight conductor.' "

The plaintiff was trying to enter a moving conveyance, to wit, the cab, using mechanical power, and not as incident to the occupation of freight conductor.

It is manifest that declaration as to the law of waiver, fraud of the agent, etc., would be mere dicta. The policy did not purport to cover an accident that happened while the insured was trying to enter a moving conveyance, using mechanical power while traveling exclusively on his own business or pleasure.

A verdict should have been directed in favor of the defendant, and the judgment is reversed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.